UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Cr. No.: 20-cr-00012 WES |
| JUAN GUERRERO, | |
| Defendant. | |

## GOVERNMENT'S MOTION FOR RECONSIDERATION

On January 21, 2021, this Court granted defendant Juan Guerrero's motion to suppress the ammunition discovered during a protective sweep of the interior of Guerrero's car that Providence police officers conducted pursuant to *Michigan v. Long*, 463 U.S. 1032 (1983). *See* ECF No. 17. The United States respectfully requests the Court to reconsider its decision and deny Guerrero's motion to suppress because *United States v. Lott*, 870 F.2d 778 (1st Cir. 1989), the First Circuit precedent that the Court concluded was dispositive of the issue requiring suppression of the evidence, no longer appears to be good law in the context at bar.

## I.     BACKGROUND

Early on the morning of October 21, 2019, Providence police officers William Sherrill and Kalvin Rosado received a radio dispatch indicating that shots had been fired. ECF No. 17, at 2. After spotting a dark BMW sedan speeding away from the direction of the crime scene, the officers pursued the vehicle. *Id.* The BMW's driver engaged in evasive maneuvers even after Officer Sherrill activated his police cruiser's lights and warning tones. *Id.*

When the BMW eventually stopped, Sherrill and Rosado approached the car with

their weapons drawn and ordered its occupants to get out of the car. *Id.* The car's passenger—whom the police only later learned was a 16-year-old juvenile—complied with the order; he then was temporarily handcuffed and detained in a police cruiser for the officers' safety. *Id.* at 2-3; ECF No. 21, at 33-34, 87-88. Less cooperative, Guerrero initially refused to exit the car and did so only after repeatedly being commanded to comply. ECF No. 17, at 3. Although the police intended to arrest Guerrero for eluding law enforcement, they planned to release the passenger once the street-side encounter had concluded. *Id.* at 2-3.

The Court agreed that the constellation of facts confronting the police raised legitimate concerns about officer safety: "Based on the BMW's temporal and geographic proximity to the gun shots, the direction in which the BMW was travelling (away from the location of the gun shots), Guerrero's reckless and evasive driving, and his lack of compliance with officer commands, there was reasonable suspicion to believe that the car contained a weapon and that Guerrero or his passenger would have used that weapon against the officers if given the chance." *Id.* at 5-6. Nevertheless, the Court likewise concluded that, regardless of the objectively reasonable nature of the officers' actions, and despite the officers' contrary testimony, the officers did not "subjectively fear that the passenger would reenter the BMW, obtain a weapon, and wield it against them." *Id.* at 14 (footnote omitted); *see also id.* at 12-14 & n.6 (discussing facts underlying conclusion).

Under *Lott*'s interpretation of *Michigan v. Long*, the police in this case were entitled to engage in a protective sweep of the BMW for weapons only if they were both objectively and subjectively concerned for their safety. *See Lott*, 870 F.2d at 782-84. While

-2-

this Court recognized that *Lott*'s viability could be questioned, it found that *Lott* "remains good (if vulnerable) law."  ECF No. 17, at 11-12.  Applying *Lott*'s two-prong standard, the Court held that the dichotomy between the police's objectively reasonable actions and their subjective lack of fear of the passenger required Guerrero's suppression motion to be granted.  *Id.* at 12, 14-15.

## II.    LEGAL STANDARD AND PRESENTATION OF ISSUE

"A motion to reconsider should be granted 'if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.' . . . Additionally, the Court has discretion to reconsider its own ruling." *United States v. Almonte*, 454 F. Supp.3d 146, 151 (D.R.I. 2020) (citations omitted).  As the government explains below, *Lott* no longer appears to be viable precedent and it is therefore clearly unjust to suppress the evidence in this case.  At the least, the Court should exercise its discretion to reconsider its ruling.

It is appropriate for this Court to reconsider its application of *Lott* to the facts at bar because, in reaching its conclusion that *Lott* required suppression of the ammunition discovered in the BMW, the Court never had the benefit of briefing or argument on the issue of *Lott*'s continued precedential viability.  In its briefing, the government litigated the protective sweep issue under an objective standard.  *See* ECF No. 12-1, at 7-8.  Defendant's briefing failed to address the protective sweep issue altogether.  *See* ECF No.

7-1.  Nor was *Lott*'s viability addressed during oral argument.[1]  *See* ECF No. 22.

As this Court noted in its January 21st decision, half a decade after *Lott* was decided, the U.S. Supreme Court held that police officers' subjective intentions are typically irrelevant to probable-cause Fourth Amendment analysis.  ECF No. 17, at 11 (discussing *Whren v. United States*, 517 U.S. 806 (1996)).  While the First Circuit has never directly overruled *Lott* in view of *Whren*, it has also repeatedly declined to address *Lott*'s viability because the issue was either not properly raised or, if properly presented, would not have been dispositive.  *See* ECF No. 17, at 11-12 (collecting cases).  Indeed, in *United States v. McGregor*, the First Circuit clearly signaled its skepticism as to the relevance of an officer's subjective intentions, noting that "[*Whren*'s] reasoning casts doubt on *Lott*'s holding that an officer's subjective fears must be demonstrated to justify a car search under *Long*."  650 F.3d 813, 822 (1st Cir. 2011).  Because the government had not raised the issue, however, the First Circuit declined to resolve it.  *Id.*  The case at bar, however, now presents the issue of *Lott*'s viability head on.

---

[1] Defense counsel mentioned *Lott* once during his oral presentation for a completely different point.  *See* ECF No. 22, at 35 ("And *United States against Lott*, L-o-t-t, the Court said nothing in *Terry* should be understood to allow generalized cursory searches for weapons.  And that's exactly what happened here.").  At a different point, in response to a question from the Court about whether it mattered if the officers subjectively thought they were conducting an evidentiary search or a protective sweep, defense counsel opined that the officers' intent did not matter.  *Id.* at 35-36.  Asked for its position on that question, the government stressed that the officers engaged in a protective sweep, not an evidentiary search, because, both objectively and subjectively, they believed they were in danger.  *Id.* at 36-37.  The government was *not* asked, and did *not* address, whether a protective sweep was still lawful if the officers' concerns about their safety were objectively reasonable even though the officers were not subjectively in fear.

As the government will argue below, a close examination of relevant First Circuit precedent as well as case law from around the country demonstrates that a police officer's subjective intent is no longer relevant to a court's analysis of a protective vehicle search conducted under the auspices of *Michigan v. Long*. Both First Circuit precedent and case law nationwide support the conclusion that the fact that a police officer is not subjectively concerned for his safety should not deprive him of a right to ensure that safety. The government respectfully requests that the Court therefore revisit its ruling and deny Guerrero's motion to suppress.

### III.   ARGUMENT

### A.   Relevant First Circuit precedent indicates that subjective intent is not relevant to the legality of a protective sweep for officer safety.

In *Maryland v. Buie*, 494 U.S. 325 (1990), the U.S. Supreme Court extended the rationale for, and criteria of, *Michigan v. Long* to a police officer's protective sweep of a home for purposes of ensuring officer safety. *See id.* at 332-35. The Court did so despite the arguably greater privacy interest at issue during a search of a person's home, *see id.* at 332-33, and even though the police officer who conducted the search was not subjectively in fear for his safety. *See id.* at 337 & n.1 (Stevens, J., concurring). Regardless of the officer's subjective beliefs, the criteria for a protective sweep of a house under *Buie*, as for a vehicle under *Long*, are solely objective:

> [W]e hold that there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene. This is no more and no less than was required in *Terry* [*v. Ohio*, 392 U.S. 1 (1968)], and *Long,* and as in those cases, we think this balance is the proper one.

*Id.* at 334.

   *Buie* was decided *after* the First Circuit issued its opinion in *Lott*. In cases applying *Buie*, our circuit court has made it abundantly clear that a protective sweep conducted under *Buie*—which, after all is "no more and no less than was required in *Terry* and *Long*," *id.* at 334—should be assessed by a court using an objective standard. The police officer's subjective state of mind is completely irrelevant even if the police officer is not subjectively in fear of his safety.

   In *United States v. Lawlor*, 406 F.3d 37 (1st Cir. 2005), for example, the appellate court explicitly rejected defendant's argument that the officers' protective sweep of the house was unlawful because neither officer behaved in a way that indicated they feared an attack from within the premises. *Id.* at 43 n.8. Noting that defendant's position "miss[ed] the mark," the First Circuit observed that "[w]hat is important is that [the officer] was justified in entering the house to conduct a protective sweep and that the sweep itself was appropriate in scope." *Id.* The Court cited to *Whren* for its holding that "an officer's subjective belief or intention is irrelevant to Fourth Amendment analysis." *Id.* (citing *Whren*, 517 U.S. at 813).

   Similarly, in *United States v. Winston*, 444 F.3d 115 (1st Cir. 2006), the First Circuit was again confronted with a defense argument that, because the law enforcement agents' behavior indicated they were not actually in fear of their safety, the protective sweep they conducted was instead a pretext to search the house. *Id.* at 120. Once more, relying on both *Lawlor* and *Whren*, the Court dismissed the law enforcement officers' subjective

intent as irrelevant to the analysis: "Regardless, the agents' subjective intentions are not relevant as long as the protective sweep was objectively reasonable. . . . Furthermore, we are not here to second guess the agents as to how to conduct a protective sweep . . . . We are able, however, to pass upon whether their actions were objectively reasonable given the circumstances and constraints within which they operated." *Id.*[2]

As *Buie*'s adoption of *Long*'s objective criteria demonstrates, there is no principled or logical basis for applying one standard to an officer's protective sweep of a home and another to an officer's protective sweep of a vehicle. In both cases, an officer who has an objectively reasonable basis for engaging in such a search to ensure his safety should be permitted to lawfully do so regardless of whether he is subjectively afraid. Because the First Circuit has already indicated that a police officer's subjective fear is irrelevant to the legality of the protective sweep of a home, this Court should likewise conclude that the Providence police's subjective mindset is not relevant to the legality of their search of Guerrero's BMW.

      **B.**     **A survey of cases from other circuit courts establishes that *Lott* appears to stand alone in requiring police officers to be subjectively as well as objectively in fear during a protective sweep of a vehicle conducted under *Long*.**

It has been more than twenty years since the First Circuit decided *Lott*. At that

---

[2] The First Circuit has never addressed the viability of *Lott* in light of *Buie*. But after examining that question, one district court in this Circuit has concluded that actual fear is no longer required to justify a protective sweep for safety reasons. *See United States v. Pemberton*, No. 1:18-CR-00099-JAW, 2019 WL 4045661, at *6 n.4 (D. Me. May 17, 2019), *report & recommendation adopted*, 2019 WL 4040580 (D. Me. Aug. 27, 2019).

time, in 1989, the First Circuit did not refer to any other circuit precedent holding that an officer's subjective fear was relevant to a *Long* analysis. *See Lott*, 870 F.2d at 782-84. Subsequent First Circuit decisions declining to address *Lott*'s viability on the issue have not referred to precedent from any other circuit that adopts a position similar to that in *Lott. See United States v. Nee*, 261 F.3d 79, 85-87 (1st Cir. 2001); *United States v. Ivery*, 427 F.3d 69, 72-73 (1st Cir. 2005); *United States v. McGregor*, 650 F.3d 813, 821-22 (1st Cir. 2011). The government's own survey of precedent from other circuits reveals, meanwhile, that *Lott* seems to be an outlier.

First, the Fifth, Eighth, and D.C. Circuits have explicitly rejected the notion that an officer's subjective intent plays any role in a court's analysis under *Long. See, e.g., United States v. Baker*, 47 F.3d 691, 693 (5th Cir. 1995) ("'We know of no legal requirement that a policeman must feel 'scared' by the threat of danger.'") (citation omitted); *United States v. Plummer*, 409 F.3d 906, 909 (8th Cir. 2005) (the test for reasonableness under *Long* is objective and does not depend upon the searching officer actually fearing the suspect is dangerous); *United States v. Vinton*, 594 F.3d 14, 21 (D.C. Cir. 2010) ("Finally, Vinton's argument that Officer Alton did not subjectively believe Vinton was dangerous may easily be rejected. Because '[t]he Fourth Amendment test is objective,' an officer's 'actual subjective motives ... are irrelevant to the Fourth Amendment analysis of [a] traffic stop and protective search of the car.'") (citation omitted).

Second, four other federal appellate courts, while not explicitly holding that an officer's subjective fear is irrelevant, appear to apply a completely objective standard to protective searches conducted in accordance with *Long*:

**Second Circuit**:  *See McCardle v. Haddad*, 131 F.3d 43, 48-50 (2d Cir. 1997); *accord United States v. Weaver*, 975 F.3d 94, 102 (2d Cir. 2020) (in context of *Terry* stop, court observed that "precedent instructs us to turn a blind eye to an officer's subjective intentions in stopping, searching, or seizing.") (citing *Wren*, 517 U.S. at 813).

**Third Circuit**:  *See United States v. Colen*, 482 F. App'x 710, 713 (3d Cir. 2012) (unpublished); *United States v. Hawkins*, 280 F. App'x 117, 121 (3d Cir. 2008) (unpublished); *accord United States v. Goodrich*, 450 F.3d 552, 559 (3d Cir. 2006) (in context of *Terry* stop, "the 'reasonable suspicion' analysis is objective; subjective motive or intent is not relevant for *Terry* purposes.").

**Fourth Circuit**:  *See United States v. Griffin*, 589 F.3d 148, 153-54 (4th Cir. 2009); *United States v. Holmes*, 376 F.3d 270, 279-81 (4th Cir. 2004); *accord United States v. George*, 732 F.3d 296, 299 (4th Cir. 2013) (in context of *Terry stop*, "[t]he reasonable suspicion standard is an objective one, and the officer's subjective state of mind is not considered.").

**Sixth Circuit**:  *See United States v. McCraney*, 674 F.3d 614, 620 (6th Cir. 2012) (judicial review of a protective search of a car conducted under *Long* is an "objective inquiry"); *accord United States v. Herbin*, 343 F.3d 807, 810 (6th Cir. 2003) ("From beginning to end, the constitutionality of a traffic stop under the Fourth Amendment depends on the objectively reasonable justifications for the officers' actions, not their subjective intentions.").

Third, while the government could not locate cases applying an objective standard in the context of a *Long* sweep in the Seventh or Tenth Circuits, it appears that applying an objective standard to such a sweep would be completely consistent with case law in

those circuits:

**Seventh Circuit***:  See, e.g., United States v. Barnett*, 505 F.3d 637, 640 (7th Cir. 2007) ("The officers' ongoing reasonable suspicion that Barnett committed a crime that likely involved a weapon independently preserved the justification for a protective frisk.  This is true even if Officers Sinks and Parnell did not subjectively fear Barnett was armed when they announced that they intended to frisk him, because the legitimacy of their search stemmed at all times from whether a protective frisk for weapons was objectively reasonable under the circumstances.").

**Tenth Circuit**:  Early on, the Tenth Circuit declined to address the issue presented by *Lott* because the facts of the case before it did not demand the question's resolution. *United States v. Wald*, 216 F.3d 1222, 1227 (10th Cir. 2000).  Since then, however, it has deemed a law enforcement officer's subjective belief or motivation irrelevant both for purposes of a *Terry* frisk of a suspect, *see United States v. Rochin*, 662 F.3d 1272, 1274 (10th Cir. 2011), and for a protective sweep of a house under *Buie, see United States v. Torres-Castro*, 470 F.3d 992, 1000 (10th Cir. 2006).  It stands to reason that, were the Tenth Circuit asked to decide whether an officer's subjective fear is relevant to a *Long* analysis, that court would answer the question in the negative.  *See United States v. Winder*, 557 F.3d 1129, 1134 (10th Cir. 2004) ("We have long since rejected the notion that an officer's subjective motivations in effecting a stop are relevant to the *Terry* analysis. . . . [A]n officer's 'actual motivations or subjective beliefs and intentions' are, quite simply, irrelevant.") (citations omitted).

Finally, the Ninth Circuit appears to now quietly disregard dated precedent which

found an officer's subjective intent relevant.  In a decision issued several months before *Michigan v. Long* was decided, the Ninth Circuit held in the context of a *Terry* frisk of a suspect that, "[a]lthough the existence of reasonable suspicion or probable cause is judicially viewed under an objective standard, it is a standard applied to the actual and/or perceived belief of the law enforcement officer as he either stops and detains or engages in search and seizure."  *United States v. Prim*, 698 F.2d 972,  975 (9th Cir. 1983).  A few years later, in the context of an officer's *Terry* frisk of a suspect and a briefcase he was holding, the Ninth Circuit observed that the search was not justified if the officer was not subjectively concerned for his safety.  *See United States v. Newberry*, No. 91-50339, 1993 WL 409145, at *1-2 (9th Cir. Oct. 12, 1993).  By contrast, a decade after *Newberry*, the appellate court found a protective search under *Long* to be legally irreproachable after applying an objective standard, and without referring to *Prim*.  *See Haynie v. County of Los Angeles*, 339 F.3d 1071, 1076-77 (9th Cir. 2003).  Finally, and most recently, the Ninth Circuit followed *Whren* and, again without citing to *Prim*, held that the subjective motivations of an officer performing a protective sweep of a car under *Long* arere irrelevant to the legality of that search.  *See United States v. Cain*, 349 F. App'x 169, 170 (9th Cir. 2009) (citing *Whren*, 517 U.S. at 813).  Thus, while the Ninth Circuit has never explicitly overruled *Prim*, after *Whren* the case no longer appears to be legally influential.

### C.   Sound policy reasons support adopting a wholly objective standard for protective searches conducted for officer safety.

As the above survey of precedent indicates, if *Lott* is still good law, it means that the First Circuit stands alone in requiring a law enforcement officer to be subjectively in

fear for his safety in order to perform a protective search of a vehicle under *Long*.  It means that federal law enforcement officers entering one of the federal districts comprising our circuit have less ability to protect themselves when stopping a vehicle than they do in any other circuit in the country.  It means that law enforcement officers in the First Circuit are better able to protect themselves from harm when entering a home than they are when making a traffic stop.  And it means that local and state law enforcement officers in Rhode Island, who often do not know when they effectuate a traffic stop whether the resulting case will land in federal or state court, may find that a protective search proper under state court precedent might not be condoned by this Court.[3]  The resulting state of affairs would be untenable.  As the Tenth Circuit has observed in finding irrelevant a police officer's subjective intent:

> That one officer is braver (or more foolhardy) than another, and therefore not subjectively concerned for his or her safety, should not deprive that particular officer of a right to protect his or her safety.  Even the brave officer should be allowed to minimize the ever-present risk of being attacked or killed.

*United States v. Holt*, 264 F.3d 1215, 1225-26 (10th Cir. 2001), *overruled on other grounds*, *United States v. Stewart*, 473 F.3d 1265, 1268-69 (10th Cir. 2007).

---

[3] The Rhode Island Supreme Court applies an objective test to protective sweeps conducted under *Long*.  *See, e.g., State v. Santos*, 64 A.3d 314, 320-21 (R.I. 2013).

## IV.    CONCLUSION

For the reasons stated above, the United States respectfully asks the Court to (1) grant the government's motion for reconsideration; (2) vacate the January 21, 2021 order granting defendant's motion to suppress (ECF No. 17); and (3) deny defendant's motion to suppress the evidence in this case.

Respectfully submitted,

AARON L. WEISMAN,
United States Attorney

/s/Sandra R. Hebert
Sandra R. Hebert
Richard B. Myrus
Assistant U.S. Attorneys
U.S. Attorney's Office
50 Kennedy Plaza, 8th Fl.
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email: Sandra.hebert@usdoj.gov

-13-

## CERTIFICATION OF SERVICE

On _____ day of February, 2021, I caused the within Government's Opposition to Motion to Dismiss to be filed electronically, and it is available for viewing and downloading from the ECF system.  The ECF system will serve it electronically upon defendant's counsel of record.

/s/Sandra R. Hebert

Sandra R. Hebert
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email:  Sandra.hebert@usdoj.gov
