```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
                                    )
     v.                             )
                                    )   Cr. No. 20-012 WES
                                    )
JUAN GUERRERO,                      )
                                    )
          Defendant.                )
_____)
```

**MEMORANDUM AND ORDER**

On January 21, 2021, this Court issued an Opinion and Order, ECF No. 17, granting Defendant's Motion to Suppress, ECF No. 7. The Government now moves for the Court to reconsider its decision. For the reasons that follow, the Court alters the Opinion and Order in one respect but otherwise maintains its decision to suppress the evidence. Thus, the Government's Motion for Reconsideration, ECF No. 24, is GRANTED IN PART and DENIED IN PART.

I.  Background[1]

Officers from the Providence Police Department stopped a car that was speeding away from the area of a reported shooting. Op. and Order 2 (citation omitted). Defendant Juan Guerrero was driving, and a sixteen-year-old was in the front passenger seat. Id. (citation omitted). The officers removed both individuals

---

[1] The Court's previous decision paints a fuller picture of the events at issue. See Op. and Order 1-3, ECF No. 17.

from the vehicle, handcuffed them, and placed them in police vehicles. Id. at 2-3 (citation omitted). Multiple officers proceeded to search the car, where they found a backpack containing ammunition. Id. at 3 (citation omitted).

Following his indictment on one count of being a felon in possession of ammunition, Guerrero moved to suppress the ammunition, arguing that the warrantless search violated his Fourth Amendment rights. Id. at 1. The Court held an evidentiary hearing via Zoom. Id. Two officers testified, and body camera video footage from four officers - comprehensively documenting the events surrounding the search from different physical perspectives - was admitted into evidence. Id.

The Government argued that the vehicle search was a protective sweep justified by officer safety concerns under Michigan v. Long, 463 U.S. 1032 (1983). See Op. and Order 4 (citing Mem. Supp. Gov't Obj. to Mot. Suppress 7-8, ECF No. 12-1). The Government conceded that Guerrero, who was handcuffed and placed in a police vehicle, did not pose a safety risk because he was under arrest and was not going to be released. Id. at 8 (citing Mem. Supp. Gov't Obj. to Mot. Suppress 8). However, the Government contended that the search was justified because the juvenile passenger – who also was handcuffed initially on the ground, a number of feet away from the vehicle, and then secured in a police vehicle – was not under arrest. Id. at 8-9 (citing Mem. Supp. Gov't Opp'n 8 and Nov. 2,

2

2020 Hr'g Tr. 18, 21, 25, 43-44, ECF No. 22).  The Government argued that the passenger, following his hypothetical release, might have been able to access the vehicle, retrieve a weapon, and use it against the officers.[2]  Id.

Relying on language from United States v. McGregor, 650 F.3d 813, 825 n.5 (1st Cir. 2011), this Court determined that the possibility of the juvenile's eventual release, and the resulting risk to officer safety, created an objectively reasonable basis for a protective sweep.  Op. and Order 9-10.  However, the body camera footage led to the inescapable conclusion that the officers were not subjectively motivated by safety concerns.  Id. at 12-14.  Thus, pursuant to the First Circuit's holding in United States v. Lott, 870 F.2d 778, 783-84 (1st Cir. 1989), that a protective sweep of a vehicle must be subjectively motivated by officer safety, the Court granted the Motion to Suppress.  Op. and Order 12-14.  The Government now seeks reconsideration of that decision.  Mot. Reconsideration 1, 13, ECF No. 24.

II. Legal Standard

"It is the settled rule in this circuit that a motion asking the court 'to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ.

---

[2] As it turned out however, the officers contacted the juvenile's mother and drove him home.  Op. and Order 2-3, ECF No. 17 (citation omitted).

P. 59(e).'" Vargas v. Gonzalez, 975 F.2d 916, 917 (1st Cir. 1992) (quoting Appeal of Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)). "Rule 59(e) relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)).

III. Discussion

    A.   Whether Lott Remains Good Law

The Government argues that the Court erred in suppressing the evidence because "Lott no longer appears to be viable precedent . . . ." Mot. Reconsideration 3.

In Lott, the First Circuit held that a "frisk" of a vehicle for weapons is impermissible "where, although the circumstances might pass an objective test, the officers in the field were not actually concerned for their safety." 870 F.2d at 783–84 (emphasis in original). Several years after Lott was decided, the Supreme Court addressed the related question of whether a traffic stop that is objectively justified by a traffic violation but is in fact motivated by the officer's desire to investigate other crimes violates the Fourth Amendment. See Whren v. United States, 517 U.S. 806, 813 (1996). The Court held that such stops are

4

permissible because "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Id.

The First Circuit has since noted that "[Whren's] reasoning casts doubt on Lott's holding that an officer's subjective fears must be demonstrated to justify a car search under Long . . . ." McGregor, 650 F.3d at 822. However, Whren dealt with seizures based probable cause, not searches based on officer safety. See 517 U.S. at 813. Thus, the Whren decision did not directly overrule Lott. In the 25 years since the Supreme Court's decision, the First Circuit has repeatedly declined to reach the question of whether Lott survived Whren's broadside against inquiries into subjective intent. See McGregor, 650 F.3d at 821-22; United States v. Ivery, 427 F.3d 69, 73 (1st Cir. 2005); United States v. Nee, 261 F.3d 79, 85-87 (1st Cir. 2001). Moreover, in 2017 the First Circuit analyzed a protective sweep under Lott's subjective standard without discussing Whren. See United States v. Orth, 873 F.3d 349, 358 (1st Cir. 2017). In light of this history, the Court concluded that "Lott remains good (if vulnerable) law." Op. and Order 12.

The Government now argues that this Court should disregard the above-cited precedent for three reasons. First, the First Circuit has held that subjective fear is not required to justify a protective sweep of a house. See Mot. Reconsideration 6-7 (citing United States v. Winston, 444 F.3d 115, 120 (1st Cir.

5

2006), and United States v. Lawlor, 406 F.3d 37, 43 n.8 (1st Cir. 2005)). However, if the First Circuit thought that its holdings regarding protective sweeps of houses had overruled Lott, the Court presumably would have said so in Orth or McGregor, which were issued years after the cases cited by the Government. Moreover, the First Circuit's decision in Lott was dependent in significant part on its interpretation of Long, which, of course, dealt solely with the vehicle context. See Lott, 870 F.2d at 782-84 (citing Long, 463 U.S. at 1036, 1049, 1051, 1052 n.6). The cases involving protective sweeps of houses therefore do not render Lott dead letter.

The Government's two other arguments require only brief mention. The Government surveys the law in other circuits and notes that cases agreeing with Lott are scarce. See Mot. Reconsideration 7-11. Additionally, the Government argues that the continued application of Lott would have negative policy implications. See id. at 11-12. This Court is not the proper (or perhaps even the intended) audience for these arguments. Where the First Circuit has spoken on an issue, this Court must listen. Thus, the Court declines to reverse its previous conclusion that Lott remains binding precedent.

    B.    Presentation/Preservation of the Issue

Guerrero's Motion to Suppress did not reference the subjective prong of Lott. However, defense counsel did state

during oral argument that the search was impermissible because in "Nee,[3] . . . the First Circuit said the purpose of the Terry stop is not to discover evidence of crime," and because in "Lott, . . . the Court said nothing in Terry should be understood to allow generalized cursory searches for weapons." Nov. 2, 2020 Hr'g Tr. 35. The Court then brought the issue into sharper focus: "[T]hat raises a question that I didn't ask the government. . . . [The body camera footage] makes it appear that the officers were conducting a search for evidence, evidence of the shooting that they had heard about on the call, and that there was an intent on the officers to conduct an evidentiary search as opposed to a protect[ive] sweep. And what that really brings up is the intent of the officers." Id. at 35-36. The Court then asked defense counsel "whether subjective intent makes any difference here." Id. at 36. Counsel stated that it did not. Id. Next, the Court asked whether the Government had a position, and Government counsel responded as follows:

> Yes, your Honor, I do. I agree, this cannot be just a -- at this point in the investigation, this cannot be just a search for evidence in this particular case. If all they're doing in this particular case is to search for evidence to secure a gun and to charge the defendant or the passenger with a firearm, I'd agree. That's not what we have here. And that certainly wasn't testimony in this case. . . . You heard them say time and time again -- and they never simply stated we were just

---

[3] As mentioned, Nee discussed and declined to overrule Lott's subjectivity requirement. See United States v. Nee, 261 F.3d 79, 85-87 (1st Cir. 2001).

>     looking for a gun so we could seize it as evidence. There's testimony in this case focused on their belief that there was a gun in the car and that they and their fellow officers were in danger in this case.  And I do believe that with respect to this particular case, they did have the subjective belief, and it was objectively reasonable under the circumstances as well, to believe that.  Again, I agree, I do recognize the cases, but this isn't what we had.

Id. at 36-37.

The Government now contends that reconsideration is warranted because Lott's precedential status was not addressed at oral argument. Mot. Reconsideration 4.  However, the Court explicitly invited such discussion when it asked the Government whether subjective intent mattered.  Regardless, the Government's arguments, even if made sooner, would not have led to a different outcome.

The Government does not contend that the issue of subjectivity was waived by Guerrero, but were the Government to make that assertion, the Court would disagree.  "[A]ny 'objections' concerning the 'suppression of evidence' 'must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits.'" United States v. Galindo-Serrano, 925 F.3d 40, 46 (1st Cir. 2019) (quoting Fed. R. Crim. P. 12(b)(3)(C)).  Generally, "the failure to assert a particular ground in a pre-trial suppression motion operates as a waiver of the right to challenge the subsequent admission of evidence on that ground." United

8

States v. Klump, 536 F.3d 113, 120 (2d Cir. 2008) (citations and quotations omitted). However, a defendant's failure to argue for suppression with exactitude does not lead to forfeiture or waiver where the relevant issues nonetheless come to the attention of the court and the government in a timely fashion. See United States v. Crooker, 688 F.3d 1, 9–10 (1st Cir. 2012) ("[T]he matters that fall within the compass of Rule 12(b)(3) (and thus Rule 12(e)) are normally correctable before trial _if seasonably brought to the attention of the district court and the government._" (quoting United States v. Walker, 665 F.3d 212, 228 (1st Cir. 2011) (emphasis added)); cf. United States v. Daigle, CR-05-29-B-W, 2005 WL 2371963, at *2–3 & n.3 (D. Me. Sept. 27, 2005) (affirming magistrate's decision to "not consider [a suppression] issue [to be] waived [by the government] and instead address[] it at length" "despite the Government's failure to argue the . . . issue in its response and the parties' failure to argue it at the hearing").

Guerrero's Motion to Suppress painted the search as incontrovertibly prohibited by the Fourth Amendment. See Def.'s Mem. Supp. Mot. Suppress 2, ECF No. 7-1. In response, the Government argued it was a protective sweep permitted under Long. See Gov't Mem. Supp. Obj. to Mot. Suppress 7-8, ECF No. 12-1. This was the Government's argument, not Guerrero's. Moreover, the Government had the burden of justifying the warrantless search. See United States v. Serrano-Acevedo, 892 F.3d 454, 457 (1st Cir.

9

2018). Any failure to correctly identify the contours of the constitutional inquiry must therefore be held against the Government.[4] Moreover, defense counsel pointed the ship in the right direction by orally citing to Lott and Nee (though he confused the matter by stating that subjective intent did not matter).

Even if Guerrero's arguments did not sufficiently raise the question of subjectivity, a court may generally introduce such issues sua sponte. See United States v. Sargent, 319 F.3d 4, 7 (1st Cir. 2003) (noting that district judge granted motion to suppress sua sponte); Pickett v. Lindsay, 56 Fed. Appx. 718, 723 (7th Cir. 2002) (unpublished decision) ("[R]egardless of the parties' stipulations, trial courts are free to exclude, sua sponte, inadmissible evidence." (citations omitted)); Noel Shows, Inc. v. United States, 721 F.2d 327, 330 (11th Cir. 1983) ("The question of whether evidence should be admitted is a matter of law for the trial court to determine, and that determination is not

---

[4] It is worth noting that the Government provided the two most recent First Circuit decisions concerning Lott's subjective requirement (McGregor and Orth) to the Court prior to the suppression hearing. See Notice of Additional Authority, ECF Nos. 14, 14-1. Additionally, McGregor was repeatedly cited in the Government's Objection to the Motion to Suppress. See Mem. Supp. Gov't Obj. to Def.'s Mot. Suppress 4, 5, 7, ECF No. 12-1. Thus, the Government cannot claim that it was ambushed by the application of the doctrine.

10

restricted by the stipulation of the parties." (citation omitted)).

So long as the Government had notice of the issue and opportunity to introduce relevant evidence, lack of subjective concern for officer safety was a proper basis for the Court's decision. See Berkovitz v. Home Box Off., Inc., 89 F.3d 24, 29 (1st Cir. 1996) ("[A] district court ordinarily may order summary judgment on its own initiative only when discovery is sufficiently advanced [and the court] gives the targeted party appropriate notice and a chance to present its evidence on the essential elements of the claim or defense." (citations omitted)).

At the hearing, the Government elicited testimony that the officers were motivated by officer safety. See Oct. 29, 2020 Hr'g Tr. 32, 91-92, ECF No. 21. Moreover, the Government introduced body camera footage, showing the perspective of the two testifying officers and two others. Op. and Order 1. This footage provided the best possible evidence of subjective intent. See id. at 12-14 (detailing various ways that videos demonstrated that the search was not subjectively motivated by safety concerns). During oral argument, the Government argued that this evidence had demonstrated a subjective concern for officer safety. Nov. 2, 2020 Hr'g Tr. 35. Thus, the Government had the opportunity to present relevant evidence and took advantage of it. Cf. United States v. Bashorun, 225 F.3d 9, 16 (1st Cir. 2000) ("[R]eliable

review has been rendered impossible by inadequate [factual] development at the district court level." (citation and quotations omitted)). In other words, Guerrero did not waive the issue, and subjectivity was fair game; the Government, in turn, introduced evidence of subjective intent; and the Court was well-positioned to evaluate the issue.

The flip side (whether the Government waived its argument that subjective intent is irrelevant) also deserves brief discussion.  In its Opinion and Order, the Court stated – based on the above-quoted discussion during oral argument – that the Government had conceded the relevance of subjective intent.  Op. and Order 12 (citing Nov. 2, 2020 Hr'g Tr. 36-37).  The Government interprets that exchange somewhat differently, stating that "[t]he government was not asked, and did not address, whether a protective sweep was still lawful if the officers' concerns about their safety were objectively reasonable even though the officers were not subjectively in fear."  Mot. Reconsideration 4 n.1.  On further examination, the Court recognizes that the Government's statement at oral argument was rather convoluted and could be interpreted in multiple ways.  Moreover, the Court did not put a fine point on the question by asking if Lott was still good law; and counsel's response spoke to what the officers' subjective intent was, not to whether it mattered.  Therefore, the Court strikes from its Opinion and Order the following two sentences:  "The Government does not

12

argue otherwise [regarding the Court's conclusion that <u>Lott</u> remains binding precedent]. In fact, at oral argument the Government explicitly stated that officer intent is relevant." Op. and Order 12.

IV. Conclusion

Aside from the two sentences quoted above, which are hereby stricken from the Opinion and Order, ECF No. 17, the Court declines to vacate its Opinion or reverse the determinations contained therein. Accordingly, the Government's Motion for Reconsideration, ECF No. 24, is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

*[signature]*
William E. Smith
District Judge
Date: February 26, 2021