# United States Court of Appeals
## For the First Circuit

_____

No. 23-1371

UNITED STATES,

Appellee,

v.

JUAN GUERRERO, a/k/a Pawtucket,

Defendant - Appellant.

_____

Before

Barron, <u>Chief Judge</u>,
Gelpí and Aframe, <u>Circuit Judges</u>.

_____

**JUDGMENT**

Entered: November 21, 2024

  Defendant-Appellant Juan Guerrero has filed this appeal pursuant to a narrow exception to the waiver of appeal provision in his plea agreement, which allows defendant to appeal only the following: "the Fourth Amendment issue that the government previously raised in an interlocutory appeal in this case, which was resolved in the government's favor by the First Circuit in <u>United States</u> v. <u>Guerrero</u>, 19 F.4th 547 (1st Cir. 2021) [(<u>Guerrero I</u>)]." The government has moved for summary disposition. After careful review of the parties' filings, we grant the government's motion and affirm. In briefing, defendant fails to develop any argument not foreclosed by the court's opinion in <u>Guerrero I</u>, by way of the "law of the case" doctrine, and we are unconvinced by defendant's suggestions that the "law of the case" doctrine cannot be or should not be applied under the circumstances. See <u>Naser Jewelers, Inc.</u> v. <u>City of Concord, N.H.</u>, 538 F.3d 17, 20 (1st Cir. 2008) (background on the law of the case doctrine and its narrow exceptions); <u>United States</u> v. <u>Moran</u>, 393 F.3d 1, 7 (1st Cir. 2004) ("The second branch [of the law of the case doctrine] contemplates that a legal decision made at one stage of a *criminal* or civil proceeding should remain the law of that case throughout the litigation, unless and until the decision is modified or overruled by a higher court. That branch binds, for example, a successor appellate panel in a second appeal in the same case . . . .") (citation omitted; emphasis added).

**Affirmed.**

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Richard B. Myrus
Sandra Rae Hebert
Lauren S. Zurier
William Joseph Ferland
George Joseph West